PER CURIAM.
We affirm the final judgment rendered in favor of appellee, New Hampshire Insurance Group, on its counterclaim. There is adequate support in the record for the circuit judge’s apparent conclusion that there was no justification for the granting of equitable distribution, attorney’s fees or costs in favor of appellant.
The trial judge was faced with an ambiguous modification receipt together with the independent actions of the parties which culminated in the delivery of two separate checks from the tortfeasor’s carrier to appellant. The record is clear that the tort-feasor’s carrier intended to settle the claim of appellant as well as the subrogation claim of appellee through the issuance of the two checks. Prior to filing suit against the tortfeasor, appellant had accepted a settlement check in the amount of $9,034.18, from New Hampshire, his own insurance carrier. New Hampshire then filed a subrogation claim for this amount with the tortfeasor’s insurance carrier. The tortfeasor’s carrier acknowledged receipt of the claim and advised New Hampshire that the subrogation claim would be settled when the pending law suit was completed.
Appellant settled with the tortfeasor’s carrier for $26,000.00. Two drafts were mailed to appellant’s attorney. One check, in the amount of $9,034.18, was made payable to appellant, his attorney, and the New Hampshire Company. The second check, in the amount of $16,965.82, was made payable to appellant and his attorney. Clearly, the $9,034.18 was intended by the tortfeasor’s carrier as settlement of the subrogation claim.
The judgment appealed from is AFFIRMED.
JOANOS, WIGGINTON and BAR-FIELD, JJ., concur.